ACCEPTED
12-14-00107-cr
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/5/2015 3:31:43 PM
CATHY LUSK
CLERK

No. 12-14-00107-CR

**IN THE COURT OF APPEALS FOR THE
12TH JUDICIAL DISTRICT OF TEXAS AT TYLER**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

1/5/2015 3:31:43 PM

CATHY S. LUSK
Clerk

**JULIO SAUCEDO,**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

_____

**APPELLEE'S BRIEF**

_____

FROM THE 145H JUDICIAL DISTRICT COURT
NACOGDOCHES COUNTY, TEXAS
THE HONORABLE CAMPBELL COX, PRESIDING

TRIAL CAUSE NUMBER F10816-2002

Respectfully submitted,

**NICOLE D LOSTRACCO**
District Attorney
Nacogdoches County, Texas
State Bar No. 00792906
101 West Main Street
Nacogdoches, Texas 75961
Phone: (936) 560-7766
FAX: (936) 560-6036

*Oral argument is requested,
but only if Appellant is also
requesting oral argument.*

# IDENTITY OF PARTIES & COUNSEL

**Appellant**..................................................................JULIO SAUCEDO

Alex Luna
TRIAL COUNSEL

Charles Banker
APPELLATE COUNSEL

**Appellee**...................................................................THE STATE OF TEXAS

Nicole D LoStracco
TRIAL AND APPELLATE
COUNSEL

ii

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS .................................................................................... iii

INDEX OF AUTHORITIES .............................................................................. iv

STATEMENT OF THE CASE ............................................................................. 2

ISSUE PRESENTED .......................................................................................... 3

STATEMENT OF FACTS ................................................................................... 3

SUMMARY OF THE STATE'S ARGUMENT ................................................... 4

STATE'S RESPONSE TO APPELLANT'S ARGUMENT ................................... 5

     A. STANDARD OF REVIEW ............................................................... 5

     B. APPLICATION OF THE LAW TO THE FACTS OF THIS CASE ......... 5

PRAYER ............................................................................................................ 6

CERTIFICATE OF SERVICE ........................................................................... 7

CERTIFICATE OF COMPLIANCE .................................................................. 8

# INDEX OF AUTHORITIES

**STATE CASES**                                                                 **PAGE**

*Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003)*..........................5

**No. 12-14-00107-CR**


**IN THE COURT OF APPEALS FOR THE
12TH JUDICIAL DISTRICT OF TEXAS AT TYLER**


**JULIO SAUCEDO,**
APPELLANT


v.


**THE STATE OF TEXAS,**
APPELLEE


_____

**APPELLEE'S BRIEF**
_____



TO THE HONORABLE COURT OF APPEALS:



COMES NOW, Appellee, the State of Texas, by and through the undersigned Assistant District Attorney, and respectfully submits this brief in response to Appellant, Julio Saucedo, pursuant to TEX. R. APP. P. 38, urging the Court to overrule Appellant's alleged points of error and affirm the judgment and sentence of the trial court in the above-numbered cause.

## STATEMENT OF THE CASE

On December 13, 2002, Julio Saucedo, was indicted for the second degree felony offense of Possession of Marijuana, committed on or about November 18, 2002. (CR page 6) Appellant entered his plea of guilty to the lesser included offense of third degree felony Possession of Marijuana on January 31, 2003. (CR page 7-15) Appellant received 8 years deferred probation, a fine of $2500, restitution in the amount of $140 and 400 hours of Community Service. (Id.) On May 10, 2007, counsel for Appellant filed a Motion for Early Termination of Deferred Adjudication Probation. (CR pages 23-25) On July 5, 2007, the trial court granted the request and discharged Appellant from deferred and dismissed the indictment. (CR page 26) On March 18, 2013, Appellant filed an Application for Writ of Habeas Corpus. (CR pages 27-46) The writ argued ineffective assistance of counsel and an involuntary plea based on Appellant's immigration issues. (CR page 29) On March 21, 2003, the trial court determined that the issues needed to be resolved (CR page 47) and ordered Appellant's trial counsel, Alex Luna, to provide the trial court with an affidavit addressing the advice given to Appellant concerning deportation with regards to his plea. (CR page 48) On May 2, 2013, The trial court denied the Application for Writ based upon the affidavit supplied by Mr. Luna. (CR pages 50-55) On May 13, 2013, the trial court received notice from the Texas Court of Criminal Appeals that the Writ was being returned to the trial

2

court for lack of jurisdiction. (CR page 56) On April 2, 2014, Appellant filed a Motion to Reconsider the Order Denying the Writ. (CR page 60) On April 4, 2014, the trial court issued an order again Denying the Application for Writ. (CR page 76) On April 16, 2014, Appellant filed a Notice of Appeal. (CR pages 82-83)

## ISSUE #1 PRESENTED BY APPELLANT

Did Appellant's trial counsel fail to advise him of the consequences of his plea in regards to deportation, which rendered his plea involuntary?

## ISSUE #2 PRESENTED BY APPELLANT

Can Padilla be applied retroactively?

## ISSUE #3 PRESENTED BY APPELLANT

Was Appellant affirmatively misled by his trial counsel?

## STATEMENT OF FACTS

The State is unable to provide nor oppose most of the Statement of Facts as alleged by Appellant. No trial was ever had in the matter, so there is no reporters record from which to glean the facts behind the decision by law enforcement to charge Appellant with Possession of Marijuana. The sole account of what happened belongs to the wife of Appellant and is found in her affidavit. It must be

left to this honorable Court to determine the credibility of her allegations. Those facts which can be relied upon and which are backed up with documentary proof are those already presented in the State's Statement of the Case. The accounts of what took place during the discussions between Appellant's trial counsel, Alex Luna, and Appellant are completely contradictory. Appellant, his son-in-law and his wife, argue that immigration consequences were never discussed. Trial counsel, Alex Luna, via his affidavit, insists that it was discussed and Appellant chose to risk deportation over a prison sentence.

## SUMMARY OF THE STATE'S ARGUMENT

Appellant presented three issues in his brief. However, it is the State's contention that none of the issues presented were actually appropriate. The issue that should have been presented is whether or not the trial court abused its discretion in denying the writ.

In reviewing the facts in the light most favorable to the trial court's decision, it is clear that the trial court did not abuse its discretion, and therefore, the ruling should be upheld.

**STATE'S RESPONSE TO APPELLANT'S ARGUMENT**

### A. Abuse of Discretion Standard of Review

When assessing the appropriateness of a trial court's denial of habeas corpus relief, an appellate court utilizes the abuse of discretion standard of review. *Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003)* As such, the facts must be reviewed in the light most favorable to the ruling of the trial court. *Id.* The ruling is to be upheld absent a finding of an abuse of discretion. *Id.* Almost total deference must be given to the trial courts determination. *Id.* Furthermore, the trial court may chose to accept or reject the testimony of any witness in a matter. *Id at 819.*

### B. Application of the Law to the Facts of this Case

In this matter, the trial court made its decision to deny the writ filed by Appellant based upon an affidavit supplied by trial counsel, Alex Luna. In his affidavit, Mr. Luna states that he fully discussed the case with Appellant, along with the fact that the plea would result in Appellant being deported and refused re-entry into the United States. (CR page 53-54) While Appellant had supplied an affidavit of his own, contradicting Mr. Luna's account in his application, it is

5

apparent from reading the Findings of Fact and Conclusions of Law made by the trial court (CR page 77) that the trial court chose to believe Mr. Luna's affidavit and discounted the affidavits of Appellant and his family.

The actions taken by the trial court were in no way improper. As such, there should be no finding that the trial court abused its discretion when it denied Appellants request for habeas relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the undersigned counsel for the State of Texas respectfully requests and prays that this Honorable Court overrule Appellant's Points of Error and affirm the judgment sentence of the 145th District Court, Nacogdoches County, Texas, in this case.

Respectfully submitted,

**NICOLE D LOSTRACCO**
District Attorney
Nacogdoches County, Texas

State Bar No. 00792906
101 West Main Street, Ste. 250
Nacogdoches, TX 75961
Phone: (936) 560-7766
FAX: (936) 560-6036

6

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been served on counsel for Appellant, Dean Watts, on this, the 5th day of January, 2015.

Nicole D LoStracco

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this brief contains 993 words—excluding the caption, identity of parties, table of contents, index of authorities, signature, proof of service, certification, and certificate of compliance. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____

Nicole D LoStracco